UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

EDWARD MARTINEZ, an individual,

Plaintiff,

v.

GMAC INC., U.S. BANK NATIONAL ASSOCIATION as TRUSTEE, U.S. BANCORP, and DOES I through X,

Defendants.

3:10-cv-00377-RCJ-VPC

**ORDER**

Currently before the Court is Defendants GMAC Mortgage, LLC ("GMAC"), U.S. Bank N.A., as trustee ("U.S. Bank"), and U.S. Bancorp's ("Bancorp") Motion to Dismiss or, in the Alternative, for Summary Judgment, and to Annul Automatic Stay (#6) filed on June 29, 2010. Plaintiff Edward Martinez ("Plaintiff") filed an Opposition and Motion for Partial Summary Judgment (#13) on August 11, 2010, and Defendants filed a Reply (#14) on August 23, 2010.

The Court heard oral argument on the motion on September 27, 2010.

**BACKGROUND**

On May 13, 2010, Plaintiff filed a Complaint for Damages and Declaratory and Injunctive Relief ("Complaint") in the Second Judicial District Court in and for the State of Nevada. Plaintiff states that he is "a 68 and one-half year old widower who purchased a home at 17145 Waxwing Court in Reno, Nevada 89506." (Compl. (#1-2) at 1). According to the Complaint, in August 2005 Plaintiff and his now deceased wife acquired a loan when they refinanced their home from Homecomings Financial Network, Inc. ("Homecomings"). The loan was secured by a deed of trust and the trustee was listed as U.S. Bank N.A.. Prior to 2007,

1  Plaintiff fell behind on the payments on the loan. Following Plaintiff's default, non-judicial
2  foreclosure proceedings began and a Notice of Default was recorded on November 28, 2006.
3  On March 6, 2007, an initial Notice of Trustee's Sale was recorded.

4  On April 3, 2007, Plaintiff filed a bankruptcy proceeding which invoked the automatic
5  stay provision of 11 U.S.C. § 362 (referred to herein as the "April Bankruptcy"). (See
6  Bankruptcy Case No. 07-50348). Plaintiff's bankruptcy petition listed Homecomings in the
7  matrix of creditors. Homecomings is the lender indicated on the Deed of Trust, and, according
8  to Defendants, is affiliated with GMAC Mortgage, LLC ("GMAC"). Because Homecomings was
9  listed in the matrix of creditors, it received notice of Plaintiff's bankruptcy filing.

10  On August 14, 2007, the bankruptcy court granted a motion for relief from bankruptcy
11  stay as to Homecomings. According to the bankruptcy court: "The automatic stay of 11 United
12  States Code section 362 is hereby immediately terminated as it applies to the enforcement by
13  [Homecomings] of all of its rights in the real property under the Note and Deed of Trust
14  encumbering the real property commonly known as 17145 Waxwing Court, Reno, NV 89506.
15  . . ." (Mot. to Dismiss (#6) at Ex. F). Following the termination of the bankruptcy stay, a
16  second Notice of Trustee's Sale was recorded on August 28, 2007, with a recorded sale date
17  of September 21, 2007.

18  On September 4, 2007, after the April Bankruptcy stay was terminated, Plaintiff filed
19  another bankruptcy action, again invoking the automatic stay provision of 11 U.S.C. § 362
20  (referred to herein as the "September Bankruptcy"). (See Bankruptcy Case No. 07-51173).
21  Plaintiff did not list Homecomings or GMAC in the creditor matrix attached to his bankruptcy
22  petition. (Mot. to Dismiss (#6) at Ex. H). However, Homecomings was listed on Plaintiff's
23  Schedule D bankruptcy filing. (Compl. (#1-2) at Ex. 1, p. 34).

24  The trustee's sale took place on the subject property as scheduled on September 21,
25  2007. The Trustee's Deed Upon Sale was recorded October 9, 2007. Defendants assert that
26  they proceeded with the trustee's sale on that date because they were not aware that Plaintiff
27  filed another bankruptcy petition in September creating another stay. According to
28  ///

Defendants, they believed any stay had been terminated by the bankruptcy court's August order.

Following the trustee's sale, Plaintiff's September Bankruptcy was dismissed on November 14, 2007. Plaintiff filed another bankruptcy two days later on November 16, 2007 ("November Bankruptcy"). (See Bankruptcy Case No. 07-51558). Plaintiff listed Homecomings on the creditor matrix for this bankruptcy petition. (Mot. to Dismiss (#6) at Ex. L). The November Bankruptcy was dismissed on June 12, 2008.

Plaintiff's Complaint alleges that the foreclosure sale that occurred on the subject property is void because it violated the automatic stay provision of the September Bankruptcy. According to Plaintiff, "no motion to lift the automatic stay with respect to Plaintiff's real property was made or granted in such Bankruptcy action." (Compl. (#1-2) at 9). In addition, Plaintiff states that Defendants are aware that he is elderly, but that Defendants have threatened to evict him because he has "retained possession of his home throughout the period subsequent to the foreclosure sale and remains in possession of such home as of this date." Id. The complaint alleges the following claims for relief: (1) declaration that the sale violates the automatic stay provision of the bankruptcy code; (2) bankruptcy code damages; (3) negligence; (4) elder exploitation; (5) unlawful interference with property right; and (6) constructive trust.

Defendants have now moved to dismiss the claims asserted against them.

## DISCUSSION

When considering a 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all material allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 (9th Cir. 2000). Such allegations must be construed in the light most favorable to the nonmoving party. Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000). In general, the court should only look to the contents of the complaint during its review of a Rule 12(b)(6) motion to dismiss. The Ninth Circuit, however, has expanded the court's view to allow consideration of documents attached to the complaint, documents incorporated by reference

in the complaint, or matters of judicial notice, without converting the motion into a motion for summary judgment. See Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). The court should exercise caution, however, and presume against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997). To avoid a Rule 12(b)(6) dismissal, then, a complaint does not need detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." Clemens v. DaimlerChrysler Corp., 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007); Ashcroft v. Iqbal,__U.S.__, 129 S.Ct. 1937, 1949 (2009)(stating that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Even though "detailed factual allegations" are not required for a complaint to pass muster under 12(b)(6) consideration, the factual allegations "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555. Additionally, the pleading should convince the court that the facts provide more than "a suspicion [of] a legally cognizable right of action." Id.

Defendants argue that Plaintiff's claims must be dismissed because Plaintiff used a "serial filing of bankruptcies to convert an otherwise nonjudicial foreclosure into a judicial action." (Mot. to Dismiss (#6) at 3). According to Defendants, the automatic stay invoked following Plaintiff's September Bankruptcy should be annulled because Plaintiff filed the bankruptcy petition in bad faith. Id. at 6. Defendants note that the operative bankruptcy was Plaintiff's third out of four separate bankruptcy filings in a five and a half-year period. Moreover, according to Defendants, the September Bankruptcy petition was filed before Plaintiff's April Bankruptcy was even terminated. In addition, Defendants argue that the stay should be annulled because Plaintiff failed to list Homecomings or any entity related to it on the creditor matrix for the September 2007 bankruptcy petition. Defendants argue that this

bankruptcy "appears to be a bad faith attempt to invoke a secondary automatic stay after the court granted relief for a prior stay, without providing any notice to Homecomings." Id. at 7. Finally, Defendants argue that Plaintiff's other causes of action fail to state claims upon which relief can be granted and should also be dismissed.

In this case, the Court finds that it lacks jurisdiction to determine the merits of Defendants' motion because the bankruptcy court is the proper forum for this litigation. The Ninth Circuit has repeatedly held that "[b]ankruptcy courts clearly have the authority to annul retroactively the automatic stay." See In re Nat'l Envtl. Waste Corp., 129 F.3d 1052, 1054 (9th Cir. 1997); In re Kissinger, 72 F.3d 107, 109 (9th Cir. 1995); In re Schwartz, 954 F.2d 569, 572-73 (9th Cir. 1992). According to the Ninth Circuit, despite the importance of the automatic stay as a vital protection of the bankruptcy debtor, 11 U.S.C. § 362(d)(1) allows a bankruptcy court to grant relief from the automatic stay "for cause." Kissinger, 72 F.3d at 108. "Such relief may include 'terminating, annulling, modifying, or conditioning such stay.'" Id. at 109 (quoting section 362(d)). Thus, the Ninth Circuit states that "section 362 gives the *bankruptcy court* wide latitude in crafting relief from the automatic stay, including the power to grant retroactive relief from the stay." Id. (quoting Schwartz, 954 F.2d at 572)(emphasis added).

Based on the foregoing, the determination of whether the foreclosure sale that occurred on Plaintiff's property is void or if the stay should be annulled for purposes of the foreclosure proceeding is for the bankruptcy court to determine. See In re Johnson, 346 B.R. 190, 194 (9th Cir. 2006)(stating that "it is settled that a bankruptcy court continues to have jurisdiction to annul the stay and to impose sanctions for stay violations"). Thus, this case is dismissed for lack of jurisdiction.

///
///
///
///
///

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Defendants' Motion to Dismiss (#6) is DENIED as moot. This case is dismissed based on lack of jurisdiction.

The Clerk of the Court shall enter Judgment accordingly.

DATED: This 20th day of October, 2010.

_____
United States District Judge